UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ERICA BREWER and
ZACHARY MALLORY,

       Plaintiffs,

   v.

TOWN OF EAGLE,
TOWN OF EAGLE TOWN BOARD,
DON MALEK,
CHRIS MOMMAERTS,
STEVE MUTH,
JANIS SUHM,
DANIEL WEST,
MUNICIPAL LAW & LITIGATION GROUP, S.C.,
MARTIN MONTOYA, and
TIM SCHWECKE,

       Defendants.

Case No. 2:20-cv-01820

---

### Defendants' Brief in Support of
### Motion for Judgment on the Pleadings

---

    Defendants, the Town of Eagle, Town of Eagle Town Board, Don Malek, Chris Mommaerts, Steve Muth, Janis Suhm, Daniel West, Municipal Law and Litigation Group, S.C., Martin Montoya, and Tim Schwecke, by their attorneys, Kasdorf, Lewis, and Swietlik, S.C., hereby move this Court pursuant to Federal Rule of Civil Procedure 12(c) for Judgment on the Pleadings.

    The grounds for the Motion, as are more fully set forth in the accompanying Brief, are that the § 1983 claims against the individually-named defendants in their official capacities are effectively claims against the Town and are therefore redundant and should be dismissed. The

claims against the individually-named defendants should also be dismissed because they do not sufficiently allege action under color of state law.

The Plaintiffs' procedural due process claims should be dismissed because the conduct alleged in the Complaint does not violate the Due Process clause and because the Plaintiffs have available to them ample and adequate state law remedies, procedures, and process such that their lawsuit impermissibly seeks to recruit this Court as a zoning board of appeals. The Complaint also fails to adequately plead factual averments necessary to set out a plausible claim for a violation of their due process rights.

The claims against the Town and Town Board should be dismissed. The Complaint does not allege viable claims against the Town or Town Board because it fails to allege specific facts necessary for liability under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691-94 (1978). The allegations in the Complaint also fail to rise to a First Amendment violation because the investigation of the Plaintiffs' code violations was supported by probable cause and a Special Inspection Warrant and because the Complaint fails to adequately plead facts that would satisfy the elements of a First Amendment retaliation claim.

The Equal Protection claim should be dismissed. The Complaint does not adequately plead an Equal Protection claim because it impermissibly rewords its First Amendment retaliation claim as an equal protection claim; because under *Engquist v. Oregon Dept. of Ag.*, 553 U.S. 591, 603 (2008) and its progeny, the type of land use decisions at issue are not subject to Equal Protection scrutiny because they involve discretionary decisionmaking based on a vast array of subjective, individualized assessments; and because the Complaint does not adequately plead the elements of a class-of-one Equal Protection claim.

2

The Motion is based on the allegations in the Complaint, and the accompanying Brief and Affidavit.

WHEREFORE, Defendants, the Town of Eagle, Town of Eagle Town Board, Don Malek, Chris Mommaerts, Steve Muth, Janis Suhm, Daniel West, Municipal Law and Litigation Group, S.C., Martin Montoya, and Tim Schwecke, respectfully request that this Court enter an Order dismissing the Plaintiffs' Complaint on the merits and with prejudice.

Dated this 27th day of January, 2021.

KASDORF, LEWIS & SWIETLIK, S.C.
Attorneys for Defendants, Town of Eagle, Town of Eagle Town Board, Don Malek, Chris Mommaerts, Steve Muth, Janis Suhm, Daniel West, Municipal Law and Litigation Group, S.C., Martin Montoya, and Tim Schwecke.

By: */s/ Dustin T. Woehl*

Thomas A. Cabush
State Bar No. 1019433
Matthew J. Hastings
State Bar No. 1059063
Dustin T. Woehl

MAILING ADDRESS:
One Park Plaza, Suite 500
11270 W. Park Place
Milwaukee, WI 53224
Phone: (414) 577-4000
Fax: (414) 577-4400