# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ERICA BREWER and ZACHARY MALLORY,

       Plaintiffs,

v.

TOWN OF EAGLE and TOWN OF EAGLE TOWN BOARD,

       Defendants.

Case No. 20-CV-1820-JPS

**ORDER**

   This case comes before the Court on Plaintiffs' motion to compel discovery, specifically as it relates to Defendants' designation of deposition witnesses. ECF No. 57. Parties are required to respond promptly and in good faith to discovery requests. Fed. R. Civ. P. 26(a), 33(b)(2), 34(b)(2). If a party fails to respond, the opposition may file a motion to compel. Fed. R. Civ. P. 37(a). Before doing so, however, Civil Local Rule 37 requires the party to personally consult with the opposing party in order to resolve differences. The rule requires a written certification that the moving party has attempted, in good faith, to confer. Civ. L.R. 37.

   On April 11, 2022, Plaintiffs served their 30(b)(6) deposition notices on Defendants. ECF No. 57 at 1. When counsel first conferred, Defendants previewed their intent to designate multiple or no witnesses for certain deposition topics. *Id.* at 1–2. Subsequently, Defendants formally responded by designating no or multiple witnesses for most of Plaintiffs' deposition topics. *Id.* at 2. Defendants asserted that the topics were overbroad and

undefined. *Id.*; ECF No. 59 at 1–2. Thereafter, Plaintiffs submitted an amended notice of deposition.

As an example, Defendants objected to the following topic: "1. The facts, circumstances, and reasons surrounding the code enforcement processes initiated and employed against the Plaintiffs and their property." ECF No. 58-2. Plaintiffs amended this question to state,

> The facts, circumstances, and reasons surrounding the code enforcement processes initiated and employed against the Plaintiffs and their property. "Code enforcement process" means all code enforcement actions taken against the Plaintiffs related to this lawsuit, including the initial and subsequent inspections, investigation, all reports to the Town regarding the alleged violations, communications with the Plaintiffs, the Town's decision to charge fines and fees and require remediation for alleged violations, and the process for negotiating compliance requirements, fines and fees, and deadlines with the Plaintiffs.

ECF No. 58-5 at 2.

First, the Court agrees with Defendants that some of Plaintiffs' deposition topics are multifaceted and may require the testimony of multiple persons to fully explore. As Defendants discuss, the Town Zoning Administrator was responsible for enforcing the Zoning Code; the Town Building Inspector was responsible for enforcing the Building Code and Property Maintenance Code; and the Town Attorney was responsible for communicating about the various code violations with the Plaintiffs and their attorney. The specific details of the inspections and interactions with the Plaintiffs are uniquely within the subjective knowledge of the various individuals involved. It makes no sense for Defendants to try to transfer the building inspector's knowledge to zoning administrator, especially given how few potential witnesses there are in this case and that Plaintiffs already

intend to depose each of these individuals. This does not appear to be a situation where Plaintiffs will get bounced from witness to witness as they search for someone who can answer their questions.

Second the Court agrees with Plaintiffs that Defendants need to designate a witness for those topics that they have not yet done so. The law is clear that a Rule 30(b)(6) deponent "is obliged to provide information 'reasonably available' to it even if not within the knowledge of its current employees." Wright & Miller § 2103; *see, e.g.*, *Hunter v. WirelessPCS Chi. LLC*, No. 18-cv-980, 2021 WL 4621889, at *9 (N.D. Ill. Oct. 5, 2021) ("If the deponent lacks personal knowledge, the corporation must educate the deponent . . . [which] includes providing him/her with documents, present or past employees, or other sources of information to review.") (internal quotation omitted); *QBE Ins. Corp. v. Jorda Enters., Inc.*, 277 F.R.D. 676, 689 (S.D. Fla. 2012) ("The mere fact that an organization no longer employs a person with knowledge on the specified topics does not relieve the organization of the duty to prepare and produce an appropriate designee."). Further, the Court finds that the terms used in the amended deposition notice are sufficiently clear given their definitions in the amended notice and in the context of this suit.

In sum, the operative facts in this case exist in a small universe. The remaining issues of fact and law to be resolved are known, and the relevant witnesses—specifically, those who worked for the Town of Eagle and the Board—are easily numbered. Up until now, the attorneys in this matter have litigated this case appropriately and cooperatively. Depositions and discovery should be conducted in good faith with a common goal of factfinding. At the end of the day, the Court and, if necessary, a jury will see through inadequate preparation and attempts at obfuscation.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion to compel, ECF No. 57, be and the same is hereby **GRANTED in part and DENIED in part** in accordance with the body of this Order.

Dated at Milwaukee, Wisconsin, this 20th day of July, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge