UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| ERICA BREWER and ZACHARY MALLORY, | |
|---|---|
| Plaintiffs, | Case No. 20-CV-1820-JPS |
| v. | |
| TOWN OF EAGLE and TOWN OF EAGLE TOWN BOARD, | **ORDER** |
| Defendants. | |

On February 15, 2023, Plaintiffs Erica Brewer and Zachary Mallory ("Plaintiffs") filed a motion to compel deposition testimony and document production from non-party Stephan Muth ("Muth").[1] ECF No. 83. Defendants Town of Eagle and Town of Eagle Town Board ("Defendants") responded thereto on February 28, 2023. ECF No. 84. Plaintiffs replied on March 9, 2023. ECF No. 85. For the reasons discussed herein, the Court will deny the motion.

1.   **FACTS**

Plaintiffs allege that for several months they have attempted to "personally serve non-party witness [Muth] with a subpoena to sit for a deposition and to produce certain documents." ECF No. 83 at 1. They assert that, not counting certified mail, they have tried to personally serve Muth at his home twenty-three times. *Id*.

---

[1] Muth is aware of and familiar at least to some extent with this lawsuit because he was originally named as a defendant thereto. The Court dismissed him as a defendant from the action on August 6, 2021. ECF No. 48.

Plaintiffs hired a process server to serve subpoenas and tender one day's witness fee on various non-party witnesses, including Muth, in August of 2022. ECF No. 83-1 at 1. At that time, the parties had scheduled a deposition of Muth for September 19, 2022 by Zoom. *Id*. Plaintiffs represent that Muth was made aware of that scheduled deposition via his personal email.[2] *Id*.

The process server informed Plaintiffs on September 11, 2022 that personal service of process on Muth had been unsuccessful. *Id*. at 2. The process server recounted that a plaque near the front door of the residence read "Muth" and that a man who was cutting the lawn at the time yelled at the process server to get off the property. *Id*.[3]

Plaintiffs then mailed the subpoena to Muth's home address by certified mail. *Id*. Through the tracking number, Plaintiffs confirmed delivery of the subpoena on September 23, 2022. *Id*. Plaintiffs additionally emailed Muth a copy of the subpoena and a link to the anticipated deposition but received no response. *Id*.

Muth failed to appear at the scheduled deposition on September 19, 2022. *Id*. The deposition was rescheduled for October 7, 2022. *Id*. Plaintiffs again hired the process server to personally serve Muth a subpoena for this rescheduled deposition and again emailed Muth the information. *Id*. The process server attempted to call Muth using a phone number on an

---

[2]Plaintiffs located this email address on a flyer prepared to "Re-Elect Steve Muth" to the Town of Eagle Town Board. ECF No. 83-1 at 2. The flyer represented that it was "Approved & Paid for by Steve Muth." *Id*. *See* ECF No. 83-2.

[3]Plaintiffs confirmed that Muth owned the property by checking Waukesha County tax records. ECF No. 83-1 at 7. Plaintiffs additionally represent that they provided the process server with a photo of Muth and that the process server identified the man on the lawn as Muth. *Id*.

advertisement for a piece of farming equipment for sale in the front yard. ECF No. 83-22 at 2. Plaintiffs mailed the new subpoena to Muth's home address again by certified mail. According to the mail's tracking, delivery was attempted but there was "No Authorized Recipient Available," so the postal service left notices at the property for Muth. ECF No. 83-1 at 3.

Muth again failed to appear at the deposition. *Id*. Plaintiffs again rescheduled the deposition, this time for October 24, 2022. *Id*. Plaintiffs repeated the aforementioned steps—emailing the information to Muth and mailing the new subpoena to Muth's home address by certified mail. *Id*. The postal service attempted delivery of this new subpoena multiple times, but the certified mail was ultimately deemed "Unclaimed" and was returned. *Id*.

At this point, Plaintiffs hired a private investigation firm ("PI") and prepared him to "tender a $40 witness fee to Muth." *Id*. at 3–4. The PI visited Muth's known home address on multiple occasions. He attempted to serve Muth several times and left his business card at the residence. *Id*. at 4. On several such occasions, the lights in the home were on and vehicles were in the driveway. On each occasion, no one answered the door.[4]

The PI attempted to locate Muth at a Town of Eagle Town Board meeting on October 19, 2022. *Id*. at 4–5. Muth was not there, and a Board member told the PI that he had "not seen [Muth] come to one of these meetings in years." *Id*. at 5.[5]

---

[4]Even on some of these occasions when lights were on in the home, it is not clear if anyone was home as the process server indicated "he heard no activity." ECF No. 83-9 at 2.

[5]Muth was no longer a Board member at this time.

Page 3 of 11
Case 2:20-cv-01820-JPS   Filed 03/21/23   Page 3 of 11   Document 88

The PI then conducted a series of stakeouts, authorized by Plaintiffs, at Muth's residence. *Id*. On these occasions, the PI identified several different vehicles that were occasionally parked in the driveway at Muth's residence.[6] Again, on the occasions that the PI knocked to attempt service, no one answered.[7] On one of these attempts, the PI spoke with a neighbor who informed him that "[Muth] doesn't talk to anyone," "keeps to himself," and "will not come to the door for anyone." *Id*. at 6.

Muth failed to appear for the October 24, 2022 rescheduled deposition. *Id*. Plaintiffs rescheduled the deposition for December 20, 2022. Plaintiffs mailed a new subpoena by certified mail to Muth's home. No one received the subpoena at the residence, and it was again deemed "Unclaimed" and returned. *Id*. Plaintiffs simultaneously mailed the new subpoena to the residence by FedEx. Tracking indicated that it was delivered November 25, 2022. *Id*.; *see also* ECF No. 83-13 (FedEx delivery confirmation and image of delivery on doorstep).

Plaintiffs also rehired the PI to attempt to serve Muth. The process server posted the subpoena on the front door of the residence and noted that the FedEx parcel had been removed from the doorstep. ECF No. 83-1 at 6-7; ECF No. 83-14. On one occasion, the process server found a note on the door stating that he was "trespassing." ECF No. 83-15 at 3.

On December 16, 2022, Plaintiffs again emailed Muth a copy of the new subpoena and the zoom deposition information. ECF No. 83-1 at 7. Muth failed to appear at the December 20, 2022 deposition. Plaintiffs

---

[6]The PI determined that Muth owned and regularly drove a white Corvette. That specific vehicle was not among those spotted at the residence on the occasions that the PI was there. ECF No. 83-1 at 6.

[7]The PI informed Plaintiffs that they noted "n[o] activity by [Muth] or anyone else at" the residence on these occasions. ECF No. 83-10 at 2.

emailed Muth on January 30, 2023, warning him that if he failed to get in touch with them, they would move to compel his compliance. ECF No. 83-19.

2. **ANALYSIS**

    2.1 **Notice of Motion to Compel**

In opposition to the motion, Defendants first argue that "no notice of the motion to compel was provided to non-party, Stephen Muth." ECF No. 84 at 1. They write that the motion appears to have been served on counsel for Defendants, but that there is "no indication that Mr. Muth was served with a copy of the Motion and supporting Affidavit." *Id*. The Court rejects this argument.

Plaintiffs attest that they notified Muth by email that they would "move this court to compel discovery from him unless they promptly heard from him" after months of attempts at getting in touch with him. ECF No. 85 at 1 (quoting ECF No. 83-19). Rule 37(a)(1) provides that

> [o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

The Court is satisfied that Plaintiffs' efforts satisfy Rule 37's requirements. Plaintiffs rescheduled Muth's deposition three times, after he repeatedly failed to appear and after warning him that they would seek to compel his appearance, before seeking the assistance of this Court. Their many attempts at obtaining his compliance have apparently been in vain, despite diligent efforts. Plaintiffs have clearly made a good faith attempt at conferring with Muth to obtain his compliance. Defendants' assertion that

Muth "is entitled to an opportunity to be heard" is ironic and ignores the fact that Muth appears to have no interest in being heard as it relates to this case. *See* ECF No. 84 at 2; *see Huber v. Beth,* No. 21-C-0969, 2023 U.S. Dist. LEXIS 16636, at *60 (E.D. Wis. Feb. 1, 2023) (writing that, in light of the plaintiff's extensive efforts to serve the defendant (including the hiring of three professional investigators), the defendant was "almost certainly evading service").

### 2.2 Tendering of the Witness Fee

Second, Defendants argue that Muth was never provided with the required witness fee as required by Rule 45. *Id*. Rule 45 provides that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." *See also* 28 U.S.C. 1821.

Plaintiffs argue that the word "[t]ender" means to "offer" or "put forward for acceptance." ECF No. 85 at 2 (quoting Black's Law Dictionary (11th ed. 2019)). "Twenty-three times process servers stood at Mr. Muth's front door to offer him those fees," Plaintiffs write. *Id*. That Muth never answered the door to accept the offered fee, Plaintiffs argue, is not their fault and should not invalidate the service of their subpoena.[8]

The law is not clear on this point. The question is essentially whether Plaintiffs (or rather, the process servers they hired) were required to leave

---

[8]Plaintiffs did not point the Court to any case law supporting their position, and the Court could find only one case where a similar argument was made. *Forbes v. Villa*, No. SACV 11-1330 JGB (ANx), 2013 U.S. Dist. LEXIS 199481, at *14, n.5 (C.D. Cal. Dec. 3, 2013) ("Plaintiff's counsel claimed he tendered the check with the service of the subpoena, but the jail refused to permit him to deliver it."). Unfortunately, the court there did not reach the merits of the contention, finding instead that it conflicted with the subpoena itself.

Page 6 of 11
Case 2:20-cv-01820-JPS   Filed 03/21/23   Page 6 of 11   Document 88

the witness fee and mileage payment physically with the subpoena itself, or simultaneously tender the payment electronically.[9] It appears that they were so required.

"Courts have interpreted . . . Rule 45 to require simultaneous tendering of witness fees and estimated mileage expenses with the subpoena." *Stepp v. Rexnord Indus.*, No. 1:13-cv-00683-TWP-MJD, 2014 U.S. Dist. LEXIS 107686, at *12 (S.D. Ind. Aug. 5, 2014). It would appear that the word "tender" as it is utilized in Rule 45 requires the fee and mileage payment to actually accompany the subpoena—for example, by attachment of a check or money order to the subpoena itself. *See Stepp*, 2014 U.S. Dist. LEXIS 107686, at *12 (quashing subpoena for failure to properly tender witness fee where "Defendant's attorneys conceded . . . that the check from the first subpoena was never cashed, and no new check was issued to accompany the second subpoena."); *Truck Pro Holding Corp. v. Garner*, No. 09-mc-00035-CG-B, 2009 U.S. Dist. LEXIS 98555, at *2 (S.D. Ala. Oct. 22, 2009) (quashing subpoena where "no witness fee was attached to any of the subpoenas."); *In re Air Crash at Charlotte*, 982 F. Supp. 1092, 1095 (D. S.C. 1997) (quashing subpoena where there was "no suggestion that either a witness fee or mileage check was provided"); *Atwood v. Cheney,* No. 1:12-CV-168-SA-DAS, 2017 U.S. Dist. LEXIS 142728, at *3–4 (N.D. Miss. Sept. 5, 2017) (it was not error for Plaintiff to not attach witness and mileage fees to the second set of subpoenas because the witness fees had already been submitted for the first set of subpoenas); *Pogue v. Northwestern Mut. Life Ins. Co.*, No. 3:14-CV-598-CRS-CHL, 2016 U.S. Dist. LEXIS 70987, at *13 (W.D. Ky. May 31, 2016) (rejecting non-party witness's argument that subpoena

---

[9]Defendants contemplate that Plaintiffs could have tendered the appropriate fees "via email or electronically." ECF No. 84 at 3.

should be quashed because he was not properly compensated for the deposition, noting that serving party "attached to its subpoena . . . a check," and finding that the serving party therefore "complied with its obligations as to payment of [the witness] prior to the deposition").

Provision of payment after receipt of the subpoena will not suffice. See *Xstrata Can. Corp. v. Advanced Recycling Tech., Inc.*, No. 08-cv-1366 (LEK/DRH), 2010 U.S. Dist. LEXIS 118110, at *13–14 (N.D.N.Y. Nov. 5, 2010) (collecting cases) ("[T]hat requirement is strictly enforced."); *Tucker v. Tangipahoa Parish Sch. Bd.*, No. 06-3818, 2007 U.S. Dist. LEXIS 48388, at *4–5 (E.D. La. July 3, 2007) ("The Rule makes no provision for serving a subpoena and promising to pay the fee later."). Even assuming that Muth may have eventually stepped out his front door and acquired the subpoena itself, he would not have gotten the required witness fee and mileage payment, and his obligation to attend the proceeding would therefore not have arisen.[10]

On this basis alone, the Court must deny Plaintiffs' motion. Nevertheless, the Court will address the remaining arguments raised by Defendants so that any future issue may be avoided in the event that Plaintiffs choose to reschedule Muth's deposition and attempt to serve him again.

---

[10] Plaintiffs write that if the Court grants the motion to compel, they "would not object to the Court's including in its order a requirement that we provide Mr. Muth a check in the amount of $40." ECF No. 85 at 3. But as discussed above, tendering payment after the fact will not suffice to validate the previous subpoenas. Plaintiffs, should they still wish to depose Muth, will be required to begin anew with a fresh subpoena. This result may seem unjust in light of Plaintiffs' extensive efforts to serve Muth. But "these rules were not made to be 'tempered'; they were made to be 'technical' . . . ." *Hill v. Homeward Residential*, 799 F.3d 544, 553 (6th Cir. 2015) (internal citation omitted).

### 2.3 Service by Leaving Subpoena Outside Residence

Defendants additionally argue that, at least for the December 20, 2022 deposition, service of the subpoena was improper because the subpoena was not "handed to Mr. Muth or left with another person at his home," it was not "left with the court clerk," "Mr. Muth did not consent in writing to service by electronic means or any other means that were used," and the subpoena was not "mailed to his last known address because . . . delivery by Federal Express does not count as 'mail.'" ECF No. 84 at 3–4.

Rule 45 provides the proper procedure for issuing subpoenas. It states that "[a]ny person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person . . . ." Fed. R. Civ. P. 45(b)(1). The Seventh Circuit has approved the use of certified mail for this purpose. *Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012).[11] It has also held that leaving a subpoena at the residence where its intended recipient is believed to reside is sufficient where such belief is supported by the evidence and the evidence demonstrates that the intended recipient may be evading service. *York Group, Inc. v. Wuxi Taihu Tractor Co.*, 632 F.3d 399, 402 (7th Cir. 2011); *Murray v. Nationwide Better Health*, No. 10-3262, 2011 U.S. Dist. LEXIS 61807, at *3 (C.D. Ill. June 9, 2011) ("In a recent case, the Seventh Circuit approved service of a subpoena by leaving the subpoena at the door of the residence of the person to be served on the belief that the person was inside at the

---

[11]Defendants write that *Ott* is not dispositive "because Mr. Muth was not served by certified mail with a subpoena for the December 20, 2022 deposition." ECF No. 84 at 3. This assertion appears to be in error. *See* ECF No. 83-1 at 6 ("I rescheduled the Veritext virtual proceeding for December 20, 2022 . . . . Our paralegal mailed the new subpoena to Muth's home by certified mail. The parcel's tracking number is 70210950000149862246.").

time, but was refusing to answer the door in order to evade service.").[12] Plaintiffs exercised both options, and their service of the subpoena therefore complied with Rule 45 at least as to this issue. The Court need not, therefore, address whether service by FedEx complies with Rule 45.

## 2.4 Timeliness of Motion

Lastly, Defendants argue that the Court should deny the motion to compel because it was "filed late in the litigation." ECF No. 84 at 6. The Court will reject this argument. Plaintiffs have been attempting in good faith to achieve Muth's compliance in sitting for a deposition and producing documents since September of 2022. They presumably intended to utilize his deposition testimony in supporting or responding to a motion for

---

[12]Plaintiffs' belief that the residence at which they left the subpoena was Muth's was, and is, supported by the evidence. The front of the home bore a plaque that read "Muth," a neighbor confirmed that the home was that of Muth, tax records confirmed that Muth owned the home, and a process server who had been provided a photo of Muth confirmed that a man he saw cutting the lawn of the property was, indeed, Muth.

On various occasions when the process server attempted to personally serve the subpoena, no one answered the door even though lights inside the home were on. The man cutting the lawn, believed to be Muth, told the process server to get off his property. On another occasion, a process server discovered a note on the door stating that he was trespassing. And every time Plaintiffs attempted to contact Muth by phone or email, their communications went unanswered. It would therefore appear that Muth was evading service. Leaving the subpoena at his residence was therefore proper. *See Little v. JB Pritzker for Governor*, No. 18-C-6954, 2020 U.S. Dist. LEXIS 70668, at *11 (N.D. Ill. Apr. 22, 2020) ("An alternative means of serving a subpoena can be appropriate 'once the party seeking evidence demonstrates an inability to effectuate service after a diligent effort.'") (quoting *OceanFirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 754 (E.D. Mich. 2011)). "That includes situations in which the person on whom service is sought attempts to evade a process server." *Id*. (quoting *V5 Techs. v. Switch, Ltd.*, No. 2:17 CV 02349, 2019 U.S. Dist. LEXIS 224375, at *2 (D. Nev. Dec. 20, 2019)) ("When a subpoenaed person hinders the service process by fleeing or otherwise obstructing the process server, effective service may be completed by the process server leaving a copy of the papers for the subpoenaed person.").

summary judgment.[13] When they were unable to achieve that compliance, they nevertheless adhered to the Court's trial scheduling order and timely responded to Defendants' motion for summary judgment without the potential benefit of Muth's testimony and whatever other evidence he may have produced. Plaintiffs continue to believe that Muth's testimony may be relevant at trial. The Court sees no reason to disagree.

3.  **CONCLUSION**

The evidence presented to the Court allows for the reasonable inference that Muth very well may be evading service. However, because Plaintiffs did not strictly comply with Rule 45's requirement that the witness fee and estimated mileage payment simultaneously accompany the subpoena, the Court must conclude that Muth's obligation to appear for deposition and to produce documents never arose. The Court must therefore deny Plaintiffs' motion to compel.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion to compel, ECF No. 83, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 21st day of March, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

[13]Such motions became due November 4, 2022. ECF No. 56.