# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ERICA BREWER and ZACHARY MALLORY,<br><br>        Plaintiffs,<br><br>v.<br><br>TOWN OF EAGLE and TOWN OF EAGLE TOWN BOARD,<br><br>        Defendants. | Case No. 20-CV-1820-JPS<br><br><br>**ORDER** |

1. **INTRODUCTION**

On March 27, 2023, Plaintiffs Erica Brewer and Zachary Mallory ("Plaintiffs") moved the Court to strike as witnesses Plaintiffs' neighbors, Kelly and Adam Komornicki. ECF No. 91. Plaintiffs assert that Defendants Town of Eagle and Town of Eagle Town Board ("Defendants") debuted these two new witnesses in their final pretrial disclosures, that Defendants had not previously identified these witnesses in their initial disclosures, and that Defendants did not thereafter identify them as witnesses in any supplemental disclosures. *Id*. at 2. It was not until roughly four weeks in advance of trial, Plaintiffs claim, that the Komornickis were identified as witnesses. And still, "Plaintiffs are left to speculate about the subject matter of the couple's evidence." *Id*.

In response, Defendants claim that disclosure of the Komornickis as witnesses was not required because they are anticipated to provide impeachment testimony and were "otherwise made known to the Plaintiffs during discovery." ECF No. 93 at 2. Defendants assert that the Komornickis

can present "contradictory testimony if Plaintiffs characterize themselves as innocent victims in the neighbor dispute, testify that the Komornickis'[1] property had violations the inspector missed when responding to their complaint, testify that Don Malek drafted the anonymous complaint, testify that their own property had no violations, or testify that the extensive beehives on their property were not causing any problems for their neighbors." *Id*. Defendants also assert that the Komornickis' identification "as witnesses with information" was sufficiently disclosed to Plaintiffs when Defendants identified the Komornickis in an email as the individuals who filed the triggering complaint against Plaintiffs. Furthermore, Defendants argue that any alleged failure to disclose is harmless because Plaintiffs may still depose the Komornickis by Zoom.

For the reasons discussed herein, the Court will deny Plaintiffs' motion to strike.

**2. LAW AND ANALYSIS**

Rule 26 of the Federal Rules of Civil Procedure requires a party to provide other parties with "the name and, if known, the address and telephone number of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 26 also requires a party to supplement or amend its disclosures and discovery responses if it learns that the information disclosed or the response is "incomplete or incorrect and if the additional corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1).

---

[1] The Court assumes this was intended to refer to Plaintiffs' property.

To ensure compliance with these discovery requirements, Rule 37 provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed." *David v. Caterpillar, Inc.*, 324 F.3d 851, 856–57 (7th Cir. 2003). "The central aim of such rules is to minimize surprise at trial by requiring disclosure of witnesses in advance of trial." *Doe v. Smith*, 470 F.3d 331, 347 (7th Cir. 2006) (quoting *Tyson v. Trigg,* 50 F.3d 436, 445 (7th Cir. 1995)).

The standard of exclusion is "automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Caterpillar,* 324 F.3d at 857. Furthermore, the determination of "whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd.*, 100 F.3d 1353, 1363 (7th Cir. 1996). And a "district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *Caterpillar*, 324 F.3d at 857 (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)). That said, the Seventh Circuit has indicated that "the following factors should guide the district court's discretion: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id*.

In February of 2022, Defendants disclosed that the anonymous complaint submitted against Plaintiffs had been submitted by the

Komornickis. ECF No. 92-3 at 3. That was roughly nine months before the deadline for dispositive motions.

On November 4, 2022, Defendants moved for summary judgment. ECF No. 64. The motion was accompanied by the mandated statement of undisputed facts, which mentions the Komornickis roughly thirty times. ECF No. 68. The statement of undisputed facts discusses Don Malek's ("Malek") communications and interactions with the Komornickis, and specifically with Kelly Komornicki. *Id.* at 16–19. It describes the strained relationship between Plaintiffs and the Komornickis and the disputes they had as neighbors. *See generally id*.

The Komornickis also came up repeatedly in depositions held by Plaintiffs of other witnesses. *See, e.g.,* ECF No. 71 at 40–41, 48 (Malek deposition held 10/10/2022) (inquiring into the extent of Malek's relationship and interaction with the Komornickis); *see also id*. at 107 ("I did not bring forth the complaint. The Komornickis brought forth the complaint."); ECF No. 76 at 64 (Lynn Pepper deposition held 11/2/2022) ("As you understood this email, why did Don refer to the Komornickis as 'good people of the town of Eagle'?") and at 66 ("[D]id you ever talk with Don about the Komornickis and Mallorys neighbor disputes?"). This is not a situation in which a reference to the Komornickis in the record is akin to a needle in a haystack.

It is clear, therefore, that by the fall of 2022, if not earlier, all parties were fully aware of the Komornickis' involvement in the dispute. That being the case, there does not appear to be any significant "surprise" to Plaintiffs. *See Caterpillar*, 324 F.3d at 857; *see also World Kitchen, LLC v. Am. Ceramic Soc'y*, No. 12-cv-8626, 2015 U.S. Dist. LEXIS 158961, at *6 (N.D. Ill. Nov. 24, 2015) (witness could not fairly be characterized as a "surprise"

because the parties were aware of the witness's existence through summary judgment). There is no indication that Plaintiffs were precluded from engaging in discovery related to the Komornickis. *Compare with Rao v. Rusch*, No. 14 C 66, 2017 U.S. Dist. LEXIS 161688, at *7 (N.D. Ill. June 21, 2017) ("Plaintiff sought to hide [the witness] behind the shield of the attorney-client privilege only to reveal him last minute once the defense believed the Plaintiff would be invoking the privilege."). And although it is far from ideal, Plaintiffs have several weeks before trial within which to depose the Komornickis, should they wish to do so. *See* ECF No. 94 at 1 (noting that Defendants "expressed a willingness to cooperate with Plaintiffs' counsel to have the depositions of the Komornickis taken before trial"). *See also Novum Structures, LLC v. Larson Eng'g, Inc.*, No. 16-CV-1568, 2019 U.S. Dist. LEXIS 72186, at *9 (E.D. Wis. Apr. 30, 2019) (noting as relevant that the offending party offered to make the witness available for a deposition). Accordingly, Plaintiffs retain some ability to cure any prejudice they may have suffered.

Defendants could have explicitly listed the Komornickis as witnesses at any time in the previous months, but they did not. *See* ECF No. 92-1 at 2–4 (disclosing eleven individuals as potential witnesses, none of whom are the Komornickis). There does not appear to be any justification for their failure to do so, apart from Defendants' assertion that Plaintiffs were "long aware of the identity of the Komornickis as the anonymous complainants" and the fact that the Komornickis have "always been appropriate impeachment witnesses for which no disclosure was required." ECF No. 93 at 4 (emphasis omitted). There is no indication, however, that Defendants failed to disclose the Komornickis in bad faith. *See Caterpillar*, 324 F.3d at

857 (the "bad faith or willfulness involved in not disclosing the evidence at an earlier date" is a relevant factor for consideration).

In light of the foregoing, the Court will deny Plaintiff's motion to strike.

### 3. CONCLUSION

The Court is satisfied that Defendants' failure to supplement their disclosures to list the Komornickis as witnesses was sufficiently harmless. Accordingly, the Court will deny Plaintiffs' expedited motion to strike those witnesses.

Accordingly,

**IT IS ORDERED** that Plaintiffs' expedited motion to strike witnesses, ECF No. 91, be and the same is hereby **DENIED.**

Dated at Milwaukee, Wisconsin, this 3rd day of April, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge